IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:19-CR-00085-FL-1

**United States of America**,

v.

**Quentin Tavaris Bryant**

Defendant.

**Order**

Ahead of his arraignment on four drug-related charges, Defendant Quentin Tavaris Bryant has filed several motions. First, he seeks additional materials from the Government that he claims are relevant to the defense of his case. D.E. 55. Second, he asks the court to require the Government to notify him of its intent to introduce 404(b) evidence. D.E. 56. Third, he asks for a jury trial on any asset forfeiture issues. D.E. 58. Fourth, he requests that the court sequester the Government's witnesses during trial. D.E. 60. Fifth, he wants the court to strike extraneous language from the indictment. D.E. 61. And finally, he pursues access to pretrial services and presentence reports of Government witnesses. D.E. 64.[1]

The Government opposes some of these motions, but does not oppose others. D.E. 73. The court will address each motion below.

**I.      Motion for Jury Trial on Asset Forfeiture Issues**

Bryant moves for a jury trial "to determine the forfeitability of specific property if [the jury] returns a guilty verdict" as applicable under Federal Criminal Rule 32.2(b)(5)(A). D.E. 58.

---

[1] Bryant has also filed a motion to dismiss Count 1 of the indictment (D.E. 59) and a motion to suppress evidence seized with the search warrant (D.E. 62). The court will address these motions in a separate memorandum & recommendation.

In response the Government says it will not be seeking the forfeiture of any assets. D.E. 73. So the court denies the motion (D.E. 58) as moot.

## II.     Motion for Disclosure of All 404(b) Evidence

Bryant asks for "pretrial production of any evidence the Government intends to admit at trial under" Rule 404(b) of the Federal Rules of Evidence. D.E. 56 at 1. The Government claims it will comply with its Rule 404(b) obligations no later than one week before trial. D.E. 73 at 11.

The Federal Rules of Evidence limit the admissibility of evidence about other bad acts a defendant may have engaged in. Fed. R. Evid. 404(b). The Rules also give the defendant a right to receive "reasonable notice of the general nature of any [Rule 404(b)] evidence that the prosecutor intends to offer at trial[.]" *Id.* 404(b)(2)(A).

Bryant is entitled to early notice about Rule 404(b) evidence and the Government is willing to provide it. So the court grants Bryant's motion. D.E. 56. The Government must notify Bryant of the general nature of any Rule 404(b) evidence it intends to offer at trial no later than seven days before the scheduled trial date.

## III.    Motion for Sequestration of Witnesses

In anticipation of trial, Bryant seeks an order requiring the sequestration of the Government's witnesses at trial. D.E. 60. In response, the Government requests that the court allow its case agent to be in the courtroom during trial and that the court sequester Bryant's witnesses as well. D.E. 73 at 15.

The Federal Rules of Evidence require that, upon the request of a party, the court exclude witnesses from trial so that they cannot hear the testimony given by other witnesses. Fed. R. Evid. 615. But the court may not exclude certain categories of people, including "a party who is a natural

2

person" or a designated officer or employee of a party that is not a natural person. *Id.* at 615(a), (b).

The court therefore grants Bryant's motion (D.E. 60) in part and denies it in part. The court excludes all witnesses that a party may call, other than Bryant and a case agent designated by the Government, from the courtroom during trial.

**IV.     Motion to Strike Surplusage from the Indictment**

Bryant also identifies surplusage in the asset forfeiture allegation on page four of his indictment (D.E. 1 at 4). D.E. 61 at 1. The indictment incorrectly describes that "[u]pon conviction of the offense set forth in Count Sixteen, the defendants shall forfeit to the United States any and all firearms or ammunition involved in or used in a knowing commission of the said offense." *Id.* Bryant points out that the indictment itself contains no Count Sixteen and only names one defendant. *Id.* Likewise, the discovery materials provided by the Government include no allegation of Bryant possessing any firearms or ammunition. *Id.* The Government agrees that it included this language in error and confirms that it will not be seeking forfeiture. D.E. 73 at 15.

Under the Federal Rules, "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). And the decision of whether to strike surplusage from the indictment lies within the district court's discretion. *United States* v. *Poore*, 594 F.2d 39, 41 (4th Cir. 1979). The court should only grant such a motion "if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States* v. *Williams*, 445 F.3d 724, 733 (4th Cir. 2006) (citations omitted).

Here, the Government agrees that the language about the nonexistent Count Sixteen, multiple defendants, and the forfeiture allegation for firearms and ammunition was included erroneously. And given the lack of a factual basis for this language, it is both inflammatory and

3

prejudicial. So the court grants Bryant's motion to strike the language identified from the indictment as surplusage (D.E. 61).

## V. Motions for *Brady* and *Giglio* Information

Bryant requests that the Government turn over information he is entitled to under *Brady* v. *Maryland*, 373 U.S. 83 (1963), *United States* v. *Giglio*, 405 U.S. 150 (1972), and related cases. D.E. 55, D.E. 64. *Brady* imposes an affirmative obligation on the Government to produce evidence that is "both favorable to the accused and 'material either to guilt or punishment'" if the defendant requests it. *United States* v. *Bagley*, 473 U.S. 667, 674 (1985); *Brady*, 373 U.S. at 87. The Government must also disclose evidence that could impeach or discredit a Government witness upon the defendant's request. *Giglio*, 405 U.S. at 154. The Government must produce this evidence "in time for its effective use at trial." *United States* v. *Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985); *see United States* v. *Jeffers*, 570 F.3d 557, 573 (4th Cir. 2009).

According to Bryant, these cases entitle him to a substantial amount of additional information from the Government. He seeks the following items:

- Personnel files of law enforcement officers who were involved in the investigation of his alleged offenses. D.E. 55 at 2–5.

- Information about confidential informants and Government witnesses. *Id.* at 5–9. This information includes their contact information, files maintained by law enforcement on them, records of payment or favorable treatment given to them, their substance abuse and mental health records as well as any pretrial services reports or presentence reports drafted about them. *Id.*

- Early disclosure of *Jencks* Act materials. *Id.* at 9.

- Information about "false positives" that occurred in the lab that tested the controlled substances involved in his alleged offenses. *Id.* at 10.

- Policy statements from law enforcement agencies involved in his case about video recording. *Id.* at 11.

4

- The original recording of radio communications by law enforcement during a car chase that ended in his arrest. *Id.* at 12.

The court will address each item separately.

### A. Motion for Early Release of *Jencks* Material

Bryant requests that the court order the Government disclose material covered by the *Jencks* Act, 18 U.S.C. § 3500, no later than three weeks before trial. D.E. 55 at 9–10. But under the terms of the statute, the court cannot compel the United States to turn over information "until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a); *United States* v. *Lewis*, 35 F.3d 148, 151 (4th Cir. 1994) ("The district court may not require the government to produce *Jencks* Act material relating to one of its witnesses until *after* the witness has testified."). So the court cannot provide Bryant with the relief he seeks.

Although a district court may not require early disclosure of *Jencks* material, the Government may voluntarily disclose the requested documents and information before trial. *Id.* Here, the Government has represented that it "will disclose all *Jencks* material in time for its effective use at trial." D.E. 73 at 10. The court expects the United States to honor its commitment.

Given the plain language of the statute and the Fourth Circuit's holding in *Lewis*, Bryant's motion for early disclosure of *Jencks* Act materials is denied (D.E. 55).

### B. Officer Personnel Files

Bryant claims that the personnel files of the law enforcement officers involved in his case may yield evidence of past wrongdoing that would be useful to him at trial. D.E. 55 at 2–5. So he has asked the court to require the Government to produce the personnel files of nineteen current or former law enforcement officers with connections to his case. D.E. 55 at 5.

5

But criminal defendants are not allowed to root around in officers' personnel files without good reason. *See United States* v. *Vanover*, 1:15-CR-00097, 2016 WL 2943818 (W.D.N.C. May 20, 2016) ("Courts in this circuit have routinely rejected requests [for officer personnel files], particularly where there is no specificity as to the information requested." ). To be entitled to this information, the defendant must provide the court with something more than mere speculation that a personnel file contains material information. *United States* v. *Jones*, 378 F. App'x 359, 360 (4th Cir. 2010).

Bryant has only met this standard for one of the officers involved in his case. Public records show that Deputy Wesley Terry suffered several adverse employment actions while with the Greenville Police Department. D.E. 55–2 at 2, D.E. 71 at 2. Bryant's attorney has also represented that an attorney for the Pitt County Sheriff advised him that the Sheriff believes Terry's Greenville Police Department personnel file contains *Giglio* information. *Id.* Given this statement, the court will require the Government to produce Terry's employment file from the Greenville Police Department for *in camera* review if it is within the Government's possession, custody, or control. The court will review the documents and then require the Government to produce those that are relevant.

So the court grants, in part, and denies, in part, Bryant's request for officer personnel files.

### C. Bryant's Request for Confidential Informant Information

Bryant additionally asks for the "name and contact information for all informants and also a copy of any file concerning the informants maintained by the law enforcement agencies involved in the Defendant's case." D.E. 55 at 6.

Whether a court should require the Government to disclose an informant's identity is a fact specific inquiry. The court must balance "the public interest in protecting the flow of information

6

[to law enforcement] against the individual's right to prepare his defense. *Roviaro* v. *United States*, 353 U.S. 53, 62 (1957). To determine the appropriate balance, a court should consider "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.*

Chief among the factors a court should consider is the informant's involvement in the case. *United States* v. *Gray*, 47 F.3d 1359, 1365 (4th Cir. 1995). If the informant was a "mere tipster" then the Government may withhold their identity. *Id.* But if "the informant was an active participant in the events leading to the arrest of the accused" then there is a stronger argument for turning over the informant's identity. *Id.*

Bryant bears the burden of showing that he is entitled to disclosure. *United States* v. *Blevins*, 960 F.2d 1252, 1258 (4th Cir. 1992).

Bryant claims that the informant who allegedly purchased heroin from him in December 2018 and January 2019 qualifies as an active participant. D.E. 55 at 6. The Government agrees. D.E. 73 at 7, D.E. 55 at 6. So the Government must disclose that informant's identity when it makes its *Giglio* disclosures. Bryant has not met his burden for the disclosure of the identity of any other informants involved in the case. So the court grants this request in part and denies it in part.

### D. Disclosure of Witness-Related Information

Bryant seeks four categories of information on any witnesses called by the Government. To begin with, he wants to know about payments made by the Government to any of its witnesses. Next, he asks for copies of any plea agreements or substantial assistance motions involving government witnesses. Then, he seeks to review witnesses' substance abuse and mental health records. He also wants the Government to disclose any pretrial services reports or presentence

7

reports for each witness. And finally, he is pursuing transcripts of any grand jury testimony given by witnesses. D.E. 55 at 7–10.

The Government acknowledges its obligations to produce information of this type under *Brady* and *Giglio*. So the court will grant this motion and require the Government to turn over the requested information, to the extent required by *Brady* and *Giglio*, no later than one week before trial.

### E. Bryant's Request for Lab "False Positive" Information

Among the potential evidence in this case is report of a lab report about an analysis performed on the alleged controlled substances involved in this case. D.E. 55 at 10–11. Bryant wants information on prior instances where the lab has provided "false positive" results for drug tests.

The Government has consulted with the North Carolina State Crime Laboratory (D.E. 55 at 10) and has learned that such information does not exist. D.E. 73 at 8. So the court denies Bryant's request for "false positive" tests (D.E. 55) as moot.

### F. Bryant's Request for Law Enforcement Policies

Bryant wants to review policies of the various law enforcement agencies involved in this case on "the use of video cameras, such as dashboard cameras and/or body cameras[.]" D.E. 55 at 11. The Government does not appear to oppose turning this material over. Instead, it says that it is currently trying to determine if such policies exist. So the court will grant the motion and require that, if it exists, the Government turn over the requested policies or procedures no later than one week before the scheduled trial date.

### G. Bryant's Request for the Audio Recording

Finally, Bryant wants the Government to produce the original audio recording of communications between members of the Craven County Sheriff's Office on March 1, 2019. He claims the recording provided by the Government contains only half the amount of audio it should. D.E. 55 at 12. Bryant also stated that the Government is trying to determine if the original recording exists. *Id.* The Government does not address this issue in its response. *See* D.E. 73.

The court will grant this request. The Government must complete its search for the full-length audio recording and, if it exists, provide Bryant with a copy no later than two weeks after the entry of this order.

## VI. Conclusion

As discussed above, the court orders as follows:

1. Bryant's motion for Rule 404(b) evidence (D.E. 56) is granted in part and denied in part. The court orders the Government to notify Bryant of the general nature of any Rule 404(b) evidence it intends to offer at trial no later than one week before trial.

2. Bryant's motions on *Brady* and *Giglio* materials (D.E. 55, D.E. 64) are granted in part and denied in part.

    a. As outlined above, the Government must produce *Brady* and *Giglio* materials on a prompt, ongoing basis and must disclose all materials required under those doctrines no later than one week before trial, unless otherwise noted in this Order.

    b. The Government must produce Wesley Terry's personnel file from the Greenville Police Department to the undersigned for in camera review no later than 30 days after entry of this order. This order authorizes the disclosure of the materials to the

9

United States regardless of any North Carolina statutory provisions related to the confidentiality of such personnel files.

c. The Government must provide Bryant with the identity of the informant who allegedly purchased heroin from him December 2018 and January 2019 no later than one week before trial.

d. If it exists, the Government must provide Bryant with the full-length audio recording of communications between members of the Craven County Sheriff's Office on March 1, 2019, within 30 days after entry of this order.

3. Bryant's motion seeking sequestration of witnesses (D.E. 60) is granted in part and denied in part. The court excludes all witnesses that a party may call, other than Bryant and a case agent designated by the Government, from the courtroom during trial.

4. Bryant's motion to strike the language identified from the indictment as surplusage is granted (D.E. 61).

5. Bryant's motion for a jury trial on asset forfeiture (D.E. 58) is denied as moot.

Dated: January 25, 2021

_____
Robert T. Numbers, II
United States Magistrate Judge